No. 3825.—In the matter of the SUCCESSION OF JOHN L. POINTER. Opposition to Executor's Account.

A person can not claim to be placed upon the tableau as a legatee of the testator under the will, if it has been decided that his claim is simulated and fictitious.

APPEAL from the Parish Court, parish of Iberville. *Adonis Pitot*, Parish Judge. *Samuel Mathews*, for executor. *A. & M. Voorhies*, for defendant.

LUDELING, C. J. This is an opposition on the part of Mrs. Maria Schwing, the universal legatee of John L. Pointer, to the account of the executor admitting Antoine P. Marionneaux as an unconditional legatee under the will.

In 1869 John L. Pointer died, leaving a will whereby he directed that his executor should pay over to Antoine P. Marionneaux whatever amount should be realized from certain suits then pending in the Sixth District Court of New Orleans.

The universal legatee opposes the delivery of the proceeds of that litigation, now in the possession of the executor, to Marionneaux until he produces and cancels a note given by the testator to Marionneaux to represent said proceeds, and then only the net proceeds after deducting attorney's fees, etc., paid by the testator, as the testamentary disposition was made under the following circumstances :

In 1865, Marionneaux, being pressed by his creditors, transferred by a simulated title two-thirds of a steamboat, named the "Fanny Fisk," to Pointer, which was subsequently insured by Pointer in the Merchants' Mutual Insurance Company of New Orleans, and lost in the waters of Mexico while under the control of Marionneaux. The Company refusing to pay the insurance, Pointer instituted suit and obtained a judgment for the same in the Sixth District Court of New Orleans, which was affirmed by the Supreme Court. At this juncture, Marionneaux's creditors seized that judgment. Pointer injoined the seizure on the ground that the judgment was wholly his property, and the creditors in answer alleged that the sale of the "Fanny Fisk" was

simulated, and the judgment was the property of their debtor. About the fifteenth of December, 1868, this litigation was compromised, and Pointer, *with the sanction of Marionneaux*, gave one-half the judgment, which was about eight thousand dollars, to the creditors, and all the judgment creditors of Marionneaux who could have been injured by said simulation were satisfied. That on the fifteenth of December, 1868, after this compromise, Pointer executed his note or due bill in favor of Marionneaux to represent said amount as coming to Pointer by this compromise, and as the petitioners believe took a counter letter from Marionneaux.

Having decided in the suit of Lewis E. Woods *v.* Succession of John L. Pointer No. 3852, that the note sued on (and which is the same referred to on the opposition), was without any consideration, the sale of the Fanny Fisk having been a simulation, it is unnecessary in this case to pass upon the various questions discussed in the brief and raised by the bills of exceptions.

The judge *a quo* sustained the opposition. We see no error in the decree.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs of appeal.